McAMIS v. GULF, C. & S. F. RY. CO.
(No. 7618.)

(Court of Civil Appeals of Texas. Dallas. Feb. 12, 1916. Rehearing Denied March 25, 1916.)

1. EMINENT DOMAIN ⬅═➡243(2) — CONDEMNATION—EFFECT OF.

As under Rev. St. 1911, art. 6518, the only issue in a proceeding by a railway company to condemn land is the damages which will be sustained by the owner and the benefits which will result to the remainder of the land, the fact that a railroad company condemned land intending to use the property condemned as a channel for a water course which it was about to divert, will not prevent the owner of the land from enjoining an unlawful diversion.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 627, 700; Dec. Dig. ⬅═➡ 243(2).]

2. WATERS AND WATER COURSES ⬅═➡78 — DIVERSION—RIGHT TO DIVERSION.

A railroad company cannot divert a water course which drained plaintiff's land in such a manner as to impound surplus waters on plaintiff's property, Acts 34th Leg. (1st Called Sess.) c. 7, specifically prohibiting such diversion.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 67–69; Dec. Dig. ⬅═➡78.]

3. INJUNCTION ⬅═➡146 — PROCEEDINGS—TEMPORARY INJUNCTION.

Under Rev. St. 1911, art. 4649, declaring that no injunction shall be granted unless the applicant shall present his petition verified by his affidavit, a temporary injunction may be granted on a verified petition alleging facts sufficient to warrant issuance despite defendant's general denial, which denial was re-established by Acts 34th Leg. (1st Called Sess.) c. 7, for, except upon final hearing for perpetual injunction, the bill when properly verified may be used as an affidavit, and when so verified may be sufficient basis for the issuance of a temporary injunction unless the facts averred are controverted by other facts set up by verified answer.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 319; Dec. Dig. ⬅═➡146.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by J. K. McAmis against the Gulf, Colorado & Santa Fé Railway Company. From a judgment denying temporary injunction, plaintiff appeals. Reversed and remanded.

A. S. Baskett, of Dallas, for appellant. Terry, Cavin & Mills, of Galveston, E. M. Browder, of Dallas, and Lee, Lomax & Smith, of Ft. Worth, for appellee.

RASBURY, J. This is an appeal from the judgment of the trial court refusing appellant a preliminary or interlocutory injunction. The application was submitted on sworn pleading, neither party tendering any evidence, and for that reason it is necessary to deduce from the pleading the facts alleged by both parties.

The essential facts alleged by appellant and upon which he based his application, stated in our own language, are in substance, as follows: The appellant owns certain pasture land contiguous to Rowlett creek in Dallas county at a point where appellee's line of railway crosses appellant's land and said Rowlett creek by means of a trestle. At this point the configuration of the ground is such as to afford a natural drainage, in time of heavy rains and consequent overflows of Rowlett creek, away from appellant's land, with which natural drainage appellee's trestle does not interfere. Shortly before the commencement of this suit appellee filled in under one end of its trestle with earth for a distance of about 264 feet. The result was that the water which formerly flowed under the trestle, following the natural drainage, was permanently impounded at said point, due to the fact that the earth's surface was higher at the end of the fill than at the point where the surface water was so impounded. For the purpose of discharging the waters thus impounded, appellee was preparing to dig a ditch of considerable size parallel with said fill, beginning at the point and place where it had impounded the surface water, and thence from said point to the end of the fill and under the trestle, and thence following the fill back to a point opposite the point where the water was impounded on the other side. Appellee intended to dig said ditch upon appellant's lands contiguous and adjacent to its right of way, using for that purpose a strip 25 feet wide and 264 feet long. The impounding and diversion of the water in the manner proposed would in time of heavy rains cause the surface waters to overflow and remain upon appellant's land, instead of flowing away from same as it does under present conditions, for a time sufficient to kill appellant's grass, and cut his land in washouts or excavations, resulting from the increased bulk of water thrown upon appellant's land. Upon the facts stated, appellant prayed that appellee be restrained from constructing the proposed ditch so as to discharge the said overflow waters upon his lands, and from digging same upon his lands.

---

⬅═➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's suit was commenced September 24, 1914, and the petition was verified in the manner provided by statute.

The record does not contain appellee's original answer, which was filed October 10, 1914, but does contain its amended original answer which was filed October 30, 1915. The answer, in addition to tendering the general demurrer and general denial, discloses the following facts: Subsequent to the commencement of appellant's suit and the coming in of appellee's original answer and a hearing, appellee, in the exercise of the power of eminent domain conferred upon it, filed with the judge of the county court of Dallas county at law its petition to condemn the strip of land which it proposed to use over appellant's land for the purpose alleged. Commissioners were appointed, notice was issued, and appellant appeared and the commissioners condemned the land to appellee's use and assessed the damages. Appellant, not being satisfied with the damages awarded, filed his opposition thereto in the county court at law, which opposition was undetermined at the time of the hearing on appellant's application for preliminary injunction. Desiring to enter upon and take possession of the land awarded it by the commissioners pending determination of the opposition, appellee deposited in court the amount of the award, paid all costs, and executed the bond and made the additional deposit provided for in such cases. Appellee desired the strip of land so condemned for the reason that its use was essential to the proper drainage of defendant's dump and right of way, and to prevent damage to its dump, track, and adjacent land. The pleading was not sworn to, but counsel for appellant, on submission, stated in open court that verification was waived, and requested this court to consider the pleading from that standpoint, which he will do.

The application, as we have said, was denied, the court basing its judgment, as shown by the recitations thereof, on the ground that the issuance of the injunction would in the opinion of the court, "materially interfere with and defeat the rights of the defendant under the condemnation proceedings in the county court of Dallas county at law as set up in said first amended original answer."

Appellant has not favored us with briefs, but his counsel argued, on submission, on his behalf, in effect, that conceding, as he did, that the condemnation proceedings eliminated the issue of appellee's right to dig the ditch upon appellant's land, he was entitled nevertheless to the relief prayed for on the ground that the other facts alleged by him established prima facie that appellee was about to divert the natural drainage of the waters of Rowlett creek, and that such diversion would cause appellant irreparable injury. Counsel for appellee, who has filed briefs, argues that the ground upon which the court based its judgment is correct. In short, that to restrain appellee from diverting the waters in the manner proposed would be to destroy or suspend the power of eminent domain, conferred upon it by the Constitution and statutes, and by authority of which it acquired the land of appellant.

[1] We will discuss appellee's contention first. As we understand the several statutory provisions under which appellee condemned appellant's property, their effect is only to confer upon railroads the power of eminent domain, ordinarily the attribute of the sovereignty, on the theory that such power will promote the general welfare. We also understand that when land is appropriated in the exercise of such power it must nevertheless be used in a lawful manner and for a lawful purpose. Such conclusions are obviously correct when certain provisions of the act conferring the power are considered. The only issue according to the statutes to be considered in such proceeding is "the damages which will be sustained by the owner," and "the benefits that will result to the remainder" of the land (article 6518, R. S. 1911), save as that issue may be modified by article 6519, 6520, or 6521, as the case may be. In Gregory v. Gulf & I. Ry. Co., 21 Tex. Civ. App. 598, 54 S. W. 617, it was ruled that the owner could not in condemnation proceedings recover damages resulting from depredations of stock due to the failure of the company to build cattle guards and fence its right of way, since the inquiry in such cases is limited to the provisions of the statute quoted above. In Kirby v. Panhandle & G. Ry. Co., 39 Tex. Civ. App. 252, 88 S. W. 281, in point here, it was also ruled that damages to the owners of grain caused by an overflow due to the defective construction of the railroad company's embankment were not recoverable in condemnation proceedings. Such issue it was said "is independent of and should not be confounded with a condemnation proceeding." Thus it is quite clear that appellant was not precluded by the condemnation suit from proceeding against appellee for injunction, but that he could not have urged such remedy in the condemnation proceeding had he attempted to do so; and from which it follows also that the injunction proceeding, so long as it did not attempt to prevent appellee from acquiring the land, in no way tended to destroy or suspend that right.

[2, 3] We now come to the question of whether appellant was entitled to a preliminary injunction on the facts alleged in his petition therefor. It is probable in such connection that the trial court never considered that precise question after he concluded the condemnation proceedings were a bar, in any event, to the issuance of the writ. In fact the judgment of the court recites as much, as we have shown at another place in this opinion. We conclude, with the issue upon which the writ was refused eliminated, that the pleading when presented to the court

disclosed a state of facts which, in the absence of other proof, entitled appellant to the preliminary writ. The facts deducible from the petition, as we have shown, disclosed that appellee was about to divert the natural flow of surface waters, now prohibited by statutory enactment (Gen. Laws 1915, 1st Call. Sess. 34th Leg. 17), so as to discharge same upon appellant's land, and that such diversion would irreparably damage appellant's grass and land. Such verified allegations of fact on preliminary hearing, in the absence of an answer, affidavits, or oral testimony, controverting same, are sufficient basis for the issuance of the writ. The rule is thus stated:

"Except on final hearing for a perpetual injunction the bill or complaint itself, when properly verified, may be used as an affidavit as to the facts properly stated therein, and frequently the bill alone, when so verified, may be a sufficient basis for the issuance of a temporary injunction if it contains allegations of fact sufficient, if taken as true (as they will be before answer), to authorize the issuance of an injunction. * * *" 22 Cyc. 942.

The rule is recognized by statute in this state. Article 4649, R. S. 1911. The only attempt to controvert the facts related in the petition, other than the condemnation proceedings tendered in avoidance, was the general denial. This plea was, we believe, insufficient, notwithstanding it was sworn to. While the effect of the general denial, which was re-established in our practice by the Thirty-Fourth Legislature, is to put plaintiff upon proof of every fact essential to his case, the sworn petition has that effect, since it is to be received and considered by the court as an affidavit, and being so considered, it proves the facts alleged. Accordingly, the defendant cannot rely on such denial, but is required to go further and state facts which disprove those stated by the plaintiff, or which will avoid the effect of those so stated. An accepted authority states the rule to be that:

"Upon an application for preliminary injunction, defendant may at once file his answer which must be considered and given its proper effect in deciding as to the propriety of issuing a temporary injunction. If properly verified it must be given effect as an affidavit of and for defendant. On motion for an injunction made on bill and answer, statements made under oath in the answer, where responsive to the bill, will be taken as true, and if in such answer under oath the facts constituting the claim of the complainant for the interposition of the court are controverted by defendant, the court will not generally interfere but will deny the injunction." 22 Cyc. 945, 946.

The submission by the parties of the case upon the sworn pleading is quite similar to the case of the coming in of the defendant's answer on motion to dissolve injunction issued upon ex parte hearing. In that character of case the rule, which we think applicable here, is that:

"When the sworn answer fully and unequivocally denies all the material allegations of the bill upon which complainant's equity rests, the injunction will be dissolved. This rule, however, requires positive averments in the answer and not merely general allegations of denial based on information and belief. The denial must be of the same positive character as the averments in the bill on which the complainant's equities are based. Nor will an answer suffice where it is not fully responsive to the bill." Dawson v. Baldridge, 55 Tex. Civ. App. 125. 118 S. W. 593.

For the reasons indicated the judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.