### GORDON et al. v. HOENCKE et al.
### (No. 8440.)

(Court of Civil Appeals of Texas. Galveston. April 8, 1923. Rehearing Denied May 31, 1923.)

**1. Injunction ☞152—Introducing testimony on application for temporary injunction not matter of right.**

There is no rule of procedure requiring a trial judge, on hearing application for temporary injunction, to permit the parties to introduce testimony or any other evidence other than the affidavits which are made a part of or presented with the pleadings.

**2. Injunction ☞132—Purpose of "temporary injunction" is to preserve status quo of subject-matter.**

The primary purpose and office of a "temporary injunction" is to preserve the status quo of the subject-matter of the suit against any act which would tend to render final judgment ineffectual. Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, § 2.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Temporary Injunction.]

**3. Injunction ☞135 — Temporary injunction discretionary with the trial court.**

The granting or refusing of a temporary injunction is largely in the trial judge's discretion, and his determination will not be disturbed on appeal unless an abuse thereof is shown.

**4. Covenants ☞84—Party buying lots in restricted district with notice bound thereby.**

The purchaser of a lot in a restricted district is bound by restrictions established and existing against the property at the time of his purchase, and of which he had knowledge.

**5. Covenants ☞51(2) — Building restrictions held to apply to lands subsequently acquired.**

Where a railroad right of way was not owned by a land company at the time of establishing an addition, when such right of way was subsequently purchased and incorporated as part of the addition, it became subject to restrictions as originally established.

**6. Covenants ☞84—Lot owners may enforce compliance with building restriction against subsequent purchaser with knowledge.**

Lot owners of a restricted addition may enforce compliance with building restrictions as against the purchaser of a lot formerly in a railroad right of way, but subsequently incorporated in such addition, where purchaser acquired his lot with knowledge of the existence of restrictions.

**7. Injunction ☞158—Refusal of temporary injunction as to building in restricted addition would not affect judgment on final hearing.**

The construction of a building in violation of a restriction will not interfere with the power of the court to render judgment on final hearing fully protecting plaintiff's rights, and refusal of temporary injunction will not render such judgment ineffectual.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by E. J. Gordon and others against G. C. Hoencke and others. From an interlocutory judgment refusing temporary injunction, plaintiffs appeal. Affirmed.

Homer Stephenson, of Houston, for appellants.

W. P. Hamblen and L. C. Kemp, both of Houston, for appellees.

PLEASANTS, C. J. This appeal is from an interlocutory judgment of the court below refusing to grant a temporary injunction in a suit brought by the appellants against the appellees.

Appellants, who are owners of lots and residents in Montrose addition to the city of Houston, brought this suit against appellees, G. C. Hoencke, the owner of a portion of lot 21 in block 25 in said Montrose addition, G. C. Curtis, a building contractor, and Houston Land Corporation, the original owner of the addition, to restrain the erection on said portion of lot 21 of a drug store and grocery

store, in violation of building restrictions as to the character and location of buildings permitted to be erected in the addition under a general plan promulgated by the Houston Land Corporation when the addition was laid out in 1911 as strictly residential district and lots then placed on the market. These restrictions are recited in the deeds to all of the lots sold in the addition as covenants running with the land, except the deed to appellee Hoencke to the portion of lot 21 owned by him. The following sufficiently accurate synopsis of the pleadings is copied from appellant's brief:

"Plaintiffs' petition alleges that at the time said addition was laid out in 1911 the Galveston, Harrisburg & San Antonio Railroad right of way traversed the same, but that lots on each side of said railroad right of way were sold as residential property with restrictions in each of the deeds; that during the year 1915 the Houston Land Corporation, the owner of the addition, acquired title to the railroad right of way, made application to the city of Houston to be permitted to make the same a part and parcel of Montrose addition, blocked the same into lots, blocks, and streets in conformity with the lots, blocks, and streets theretofore existing in the original district of Montrose, placed the same on the market as a residential district, and made no exceptions in the sale of the lots except the one complained of in plaintiffs' said petition.

"Plaintiffs further averred that defendant G. C. Hoencke purchased a portion of lot 21 in block 25 in November, 1915, and held the same during the time that plaintiffs were improving and beautifying their property as homesites, and that he intended at all times to violate the restrictions prevailing in said addition, but that these plaintiffs were unaware of his intentions so to do; said property so sold being a portion of the restricted district of Montrose addition, and being sold after an amended map of said addition had been filed, and after a city ordinance had been passed by the city of Houston permitting the Houston Land Corporation to make said railroad right of way a part of the original Montrose addition; that restrictions prevailed therein, and that the plaintiffs had each purchased subject to such restrictions, and that there had been established a general plan, and that all purchasers of property in said addition, including defendant Hoencke, were bound thereby; that defendant Hoencke was seeking to erect a drug store and a grocery store on said portion of lot 21 in said block in violation of the property line restriction and all other restrictions prevailing in said addition.

"Defendant G. C. Hoencke answered, in substance, by general denial, general demurrer, and by way of answer on the merits stated that he had purchased in November, 1913, a portion of lot 1 in block 25 (not involved in this controversy), and that later defendant Houston Land Corporation proposed to purchase said railroad right of way, and, before and at the time negotiations were being conducted for the purchase of said right of way, said Houston Land Corporation proposed to the defendant G. C. Hoencke that they trade their property, in a rectangular form, for the triangular piece of property that he had theretofore bought, and that he agreed that, when the tracks were removed and the Houston Land Corporation had acquired title to the right of way, he would accept a deed to 50 feet fronting on Grant avenue and 65 feet in depth, running along the south side of Pacific street, in exchange for the property theretofore purchased by the said G. C. Hoencke; that in pursuance of such agreement he deeded his interest in lot No. 1, block 25, by general warranty deed, to the Houston Land Corporation, and on the 6th day of November, 1915, secured a deed from the Houston Land Corporation to a portion of lot 21 in block 25; that he did not know of the existence of any restrictions or any plan or scheme existing in the addition of Montrose as originally planned or as it existed when the new arrangement was put into effect, prior to the time he purchased; that he purchased a portion of lot 21 in block 25 without restrictions, and that all other lot owners in said addition were placed upon notice thereby of the nonexistence of restrictions in his deed."

This answer was duly verified by the affidavit of the defendant Hoencke.

The defendant Curtis filed a sworn answer, in which, after admitting that he had contracted to erect for the defendant Hoencke a store building on the lot before mentioned, adopted as far as applicable the averments in the answer of his codefendant, Hoencke, and especially denied any knowledge of any building restrictions existing in Montrose addition. After considering the pleadings on the day set for a hearing of the application, the trial judge declined to permit either party to introduce testimony, and refused the prayer for a temporary injunction.

The only assignment of error presented by appellants is as follows:

"Where it is averred that a general building-plan had been adopted, and that restrictions as to the kind, character, location, and use of property prevailed generally, and that a purchaser with notice of such restrictions, being bound by same, is in the act of violating the same, it is the duty of the trial judge to hear the cause when same has been set for hearing, and all parties are present, and to permit parties to present evidence, and to grant a temporary injunction to restrain the violation of prevalent restrictions pending the trial of the cause upon the merits."

[1] We know of no rule of procedure which requires a trial judge on the hearing of an application for the temporary injunction to permit the parties to the proceeding to introduce testimony or any evidence other than the affidavits which are made a part of or presented with the pleadings. The final rights of the parties are not necessarily or usually determined on the hearing for the temporary injunction.

[2] The primary purpose and office of a temporary injunction is to preserve the status quo of the subject-matter of the suit against any act of a party which would tend

to render the final judgment in the case ineffectual. Article 4643, § 2, Vernon's Sayles' Civil Statutes.

The right of a trial court to determine from the petition and sworn answer of the defendant, without hearing testimony whether the act sought to be enjoined is violative of the applicant's rights, and one which would tend to render final judgment in the case ineffectual, is recognized in numerous decisions of our appellate courts.

[3] It is also well settled that the granting or refusing of a temporary injunction is largely in the discretion of the trial judge, and his determination of the question will not be disturbed on appeal unless it clearly appears such determination was an abuse of discretion. Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Davidson v. Wells (Tex. Civ. App.) 233 S. W. 518; Harris v. Thomas (Tex. Civ. App.) 217 S. W. 1068; Graham v. Knight (Tex. Civ. App.) 222 S. W. 326; Worm v. Wood (Tex. Civ. App.) 223 S. W. 1016.

[4] The bill of exception taken by the appellants to the refusal of the court to hear testimony in support of the allegations of plaintiffs' petition contains the following recital:

"The court overruled such objections (plaintiff's objections to the refusal of the court to hear testimony) and stated that defendant G. C. Hoencke would not be bound by any restrictions existing in Montrose addition to the city of Houston, established prior to the time he purchased, and, because of the fact that the court was engaged in the trial of a jury case, he would not postpone the hearing or consider testimony, but would decline to grant a temporary injunction, and that the court would not interfere, but would permit the defendant G. C. Hoencke to continue the construction of said building subject to the final outcome of the litigation."

The meaning of the first portion of the court's statement is not entirely clear to us. If the court as indicated by this statement held that the defendant Hoencke would not be bound by building restrictions established and existing against the property at the time he purchased, and of which he had knowledge, we cannot agree in such holding. What we understand to be the correct rule on this question is thus happily stated by Justice Graves, of this court, in the case of Wilson Company v. Gordon (Tex. Civ. App.) 224 S. W. 703:

"As we read this record, the principle applicable is that of estoppel in pais, and the statute of frauds thus appealed to does not stand in the way. There is not here involved any grant of an actual interest, title, or direct easement in the land itself of another, but simply a restrictive covenant against the use of any part of this property for other than residential purposes originating in the adoption, promulgation, and development by its promoters of a general plan looking to that result, accompanied by representations and agreements that it should be forever so kept and maintained, which plan and covenant, having been in good faith accepted, acted upon, and observed by various purchasers, is mutually binding upon all at interest, and will in equity be equally enforced against the owners and all buyers having notice of the restrictions so imposed. Such covenants, although resting at least partly in parol, and mayhap not in a technical sense running with the land, have been quite generally upheld."

[5] We are also of opinion that the fact that the railroad right of way which bisected Montrose addition was not owned by the Houston Land Corporation at the time the addition was originally established and building restrictions therein established and promulgated does not free the land embraced in the right of way from such restrictions. When the Houston Land Corporation purchased this land and incorporated it as part of the Montrose addition, as alleged in plaintiffs' petition, it became subject to all of the restrictions originally established and promulgated for said addition. Schmidt v. Palisade Supply Co. (N. J. Ch.) 84 Atl. 807.

[6] If the allegations in plaintiffs' petition as to the character and extent of the building restrictions originally imposed upon the addition, the subsequent incorporation of the railroad right of way in the addition, and the knowledge by defendant Hoencke of the existence of these restrictions at the time he purchased the property are true, plaintiffs have the right to enforce compliance with the restrictions. But, as before stated, the trial court was not required on this hearing for temporary injunction to hear the whole case, and, upon defendants' sworn denial of any knowledge of the existence of any restrictions at the time he purchased the property, was authorized in the exercise of judicial discretion to refuse to grant the temporary writ.

[7] The construction of a building in violation of the restriction will not interfere with the power of the court to render judgment on final hearing fully protecting plaintiffs' rights, and the refusal of the temporary injunction will not tend to render such judgment ineffectual.

For the reason indicated, we are of opinion that the judgment should be affirmed; and it has been so ordered.

Affirmed.

GRAVES, J. (concurring). I concur in this court's judgment of affirmance upon the ground it was rested upon, that is, "the trial court was not required on this hearing for temporary injunction to hear the whole case, and, upon defendants' sworn denial of any knowledge of the existence of any restrictions at the time he purchased the property, was authorized in the exercise of judicial discre-

tion to refuse to grant the temporary writ," but I do not desire to be committed to the additional expressions in the Chief Justice's opinion. Those matters are clearly obiter dicta, and, in view of the fact that the trial of the cause upon its merits below was not had, I do not care to now go into a discussion of what would have been the right of appellants here had it been shown or found as a fact that appellee did have knowledge of the claimed restrictions at the time he purchased.