## W. L. PEARSON & CO. v. HARDING et al.
### No. 8477.

Court of Civil Appeals of Texas. San Antonio.
May 28, 1930.

Rehearing Denied July 16, 1930.

W. R. Montgomery, J. C. Hall, Albert Taylor, and Kennedy Smith, all of Edinburg, for appellant.

Don A. Bliss, of San Antonio, for appellees.

FLY, C. J.

This is an appeal from an order refusing a temporary injunction sought by appellant to prevent the sale of certain personal property seized under an execution issued by virtue of a judgment rendered in the district court of Hidalgo county, wherein J. W. Harding was plaintiff and appellant, Callahan & Crawford, and Hidalgo county were the defendants. It was alleged that a judgment was obtained by J. W. Harding against Callahan and all the defendants in the sum of $2,075.-21. In the judgment it is recited: "It further appearing to the court that the defendants, Callahan & Crawford, the W. L. Pearson company and Hidalgo County, Texas, have made an agreement in open court that in the event the plaintiff should recover any judgment against the said Callahan & Crawford, composed of the persons aforesaid, they shall have judgment over against the W. L. Pearson & Company for the amount of the judgment rendered against them, and in the event any judgment should be rendered against the said W. L. Pearson & Company, the said corporation should have judgment over against the said Hidalgo County, Texas, for the amount of such judgment." In pursuance of the recited agreement, judgment was rendered accordingly.

Appellant alleged that such judgment was obtained "through fraud, accident, mistake or through the inadvertence of the defendant J. W. Harding and his attorney in said cause." Circumstances were alleged which showed the absence of one of appellant's attorneys and the physical and mental incapacity of another. It was alleged that another and different agreement had been entered into between the parties, from the one embodied in the judgment, which was entered without the knowledge or consent of appellant. The bill contains many other facts bearing on the judgment and the fraud connected therewith, and a temporary injunction was sought to restrain the sale of appellant's personal property that had been seized under said judgment.

The allegations in appellant's petition show a cause of action and were verified by an affidavit as to their truth and verity, and, not being controverted by an answer verified by affidavit, the allegations must be taken as true. The answer cannot be considered in considering injunctive relief. Joyce on Injunctions, §§ 108, 134, 138 and 300; Gordon v. Hoencke (Tex. Civ. App.) 253 S. W. 629; Cannon v. McComb (Tex. Civ. App.) 268 S. W. 999; McAmis v. Railway (Tex. Civ. App.) 184 S. W. 331.

Sale of the property of appellant might cause irreparable damage to appellant, while postponement of the sale would not injure appellees.

The judgment is reversed, and judgment here rendered that a temporary injunction be issued as prayed for by appellant, to remain in full force and effect until this cause is fully disposed of on its merits.