EX PARTE LEO STEELE AND EX PARTE MRS. LEO STEELE.

No. 7886, 7887. Decided October 15, 1941.
(155 S. W., 2d Series, 355.)

*R. H. Cocks, Small, Arney & Small,* and *Clint Small, Jr.,* of Austin, for applicants.

The court was without jurisdiction to hold applicants in contempt for violating that part of the fiat restraining them "from violating the provisions of the Liquor Control Act in any manner in Collingsworth County," because there is no statutory or constitutional authority for the issuance of an injunction for such purpose except after notice and hearing. And being issued without notice and hearing the writ of injunction was void under articles 667-27, Penal Code, because it was temporary injunction and not a restraining order. Ex parte McCraw, 102 Texas Crim. Rep. 367, 277 S. W. 698; Kimbrough v. State, 144 S. W. (2d) 401; Baumberger v. Allen, 101 Texas, 352, 107 S. W. 526.

*Gerald C. Mann,* Attorney General, *M. C. Martin* and *Geo. W. Barcus,* Assistants Attorney General, for the State of Texas.

MR. JUSTICE CRITZ delivered the opinion of the Court.

These are two separate habeas corpus proceedings, instituted directly in this Court by Leo Steele and his wife, Mrs. Leo Steele, to obtain their respective liberation from alleged illegal restraint by the sheriff of Collingsworth County, Texas. The facts and record in each case are identical. We therefore dispose of both cases in one opinion.

On July 2, 1940, the State of Texas, acting through its proper officers, filed in the District Court of Collingsworth County, Texas, a petition against both of these relators. We shall not attempt to completely detail the contents of such petition. It is sufficient to say that it alleged that these relators were occupying a private residence at 609 Dalhart Street, in the city of Wellington, Collingsworth County, Texas, on Lots 20 and 21, Block 202, of the original townsite of said city. The petition then alleged that these relators, and each of them, were maintaining a nuisance at and on the above-described premises, by possessing and selling therein and thereon intoxicating liquor, in violation of what is known as the Liquor Control Act of this State. The petition prayed that the court issue a temporary injunction, restraining and enjoining these relators from maintaining a nuisance on the premises above described, and from violating the provisions of the Texas Liquor Control Act on said premises and at any

place in Collingsworth County, Texas. Also, the petition prayed that "the defendants and each of them be cited to appear and answer herein and that on final hearing hereof judgment be granted abating said nuisance, and making said temporary injunction final * * *."

On the same day the above petition was filed, Judge A. S. Moss, Judge of the District Court of the above-named county, entered his fiat or order granting the temporary injunction, "as prayed for by the plaintiff's petition," and enjoining and restraining relators from possessing and selling alcoholic beverages "on and from the premises set out in plaintiff's original petition, * * * and from violating the provisions of the Texas Liquor Control Act in any manner in Collingsworth County, Texas, until the further orders of this court. The clerk of this court shall issue a temporary writ of injunction in accordance with this order to each of said defendants and each of said defendants shall be cited to appear and answer herein at the next term of this court."

Pursuant to the above fiat or order, a writ of injunction was duly issued and served upon each of these relators. Such writs were made returnable to the next term of the District Court of Collingsworth County, Texas, to be held on the 11th day of November, 1940. We gather that no further action or hearing has been had in the above injunction cause, and nothing has been done to either vacate or make same permanent. On August 22, 1941, after the return date above mentioned, the State, acting through its proper officers, filed an affidavit in the above cause, in which it was alleged that these relators, on certain premises altogether different from the particular premises described in the original petition, had violated the above injunction by doing certain acts prohibited by the Liquor Control Act of this State. In this connection, the State agrees that none of the acts complained of in the contempt affidavit occurred at or on the particular premises described in the original petition. Also, for the purposes of this opinion, we will assume that such acts occurred after the 11th day of November, 1940, the return date of the above notice of injunction.

Acting on the above affidavit of contempt, and after notice and hearing, the district court found both of these relators to be in contempt of court, in that they did "violate the order of this court heretofore entered in this cause, * * at the place set out in the plaintiff's affidavit for contempt filed herein,

and in Collingsworth County, Texas." At this point we note that the contempt affidavit does not charge that these relators committed any unlawful act at the particular place or premises set out in the original injunction order. It does allege a particular but different place in such county. The district court imposes a fine of $100.00 and three days in jail as punishment for each relator herein. Relators each applied to this Court for writ of habeas corpus. Both writs were granted, and both relators released on bail pending final decision by this Court.

Before proceeding further we pause to say that the only authority for invoking injunctive jurisdiction of the district court to enforce the liquor laws of this State is found in Section 29 of Article I and Section 27 of Article II, of what is known as the Texas Liquor Control Act. These statutes are carried as Articles 666-29 and 667-27, Vernon's Texas Penal Code. We here copy the pertinent provisions of such statutes:

"Art. 666-29. Any room, building, boat, structure, or place of any kind where liquor is sold, manufactured, bartered, or given away in violation of this Act, or of any rule, or regulation of the Board, or where persons are permitted to resort for the purpose of drinking liquor in violation of law, or any place where such beverages are kept for sale, barter, or gift in violation of law, and all liquor and all property kept and used in said place, hereby are declared to be a common nuisance and any person who maintains or assists in maintaining such common nuisances, shall be guilty of a violation of this Act. Any county, or district attorney, or the Board, or any agent or employee of this Board in the county where such nuisance exists, or is kept, or maintained, may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisances. Such proceedings shall be guided by the rules of other injunction proceedings, * * *"

"Art. 667-27. Upon having called to his attention by affidavit of any credible person that any person is violating, or is about to violate, any of the provisions of the Texas Liquor Control Act or if any permit or license was wrongfully issued, it shall be the duty of the Attorney General, or the District or County Attorney, to begin proceedings to restrain any such person from the threatened or any further violation, or operation under such permit or license, and the District Judge shall have

authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction to prevent such threatened or further violation by the person complained against, * * *"

1 A reading of Article 666-29, supra, will disclose that it only authorizes injunctions as to particular premises or places. It says "any room, building, boat, structure or place of any kind." Certainly these words could not be construed to authorize an injunction covering an entire county. To the contrary, such words undoubtedly refer to some particular place or premises. It follows that these relators could not be held in contempt under this statute for violating an injunction, unless it is shown that the place of violation is the identical place covered by the injunction. As already indicated, the particular place or premises covered by this injunction is not the place or premises in or on which these relators are alleged in the contempt complaint to have violated our Liquor Control Act. It follows that this contempt conviction cannot be upheld under Article 666-29, supra.

A reading of Article 667-27, supra, will disclose that it is more sweeping or liberal in its provisions, as regards the area or territory injunctions may cover, than is Article 666-29, supra. Simply stated, Article 667-27 does not restrict the power of a district court to issue injunctions to enforce our liquor laws to a particular place or premises. To the contrary, such statute authorizes injunctions without restrictions as to territory or places. In the cases at bar the injunction, in addition to enjoining relators as to a particular place or premises, also enjoined them from violating the Texas Liquor Control Act at any place in Collingsworth County. These relators were convicted of violating the injunction at a place in Collingsworth County. Such a conviction was, and is, fully authorized by Article 667-27, supra.

Relators contend that the injunction fiat or order here involved is void in so far as it enjoins relators from violating our Liquor Control Act at any place in Collingsworth County, because there is no law, statutory or constitutional, authorizing such an injunction without notice and hearing. It is the settled law of this State that our courts of equity, as such, absent statutory or constitutional authority, have no jurisdiction to entertain injunction suits to enjoin the commission of an act merely because it constitutes a crime or penal offense

under our penal laws. Ex parte Hughes, 133 Texas 505, 129 S. W. (2d) 270, and authorities there cited.

**2, 4** It will be noted that Article 667-27, supra, which authorizes injunctions generally,—that is, injunctions not restricted to a particular place or premises, provides: "and the District Judge shall have authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction * * *." Counsel for relators contend that under this statute the district court cannot issue a temporary injunction without notice and hearing. In this connection, it is contended that such statute only authorizes a restraining order to issue without notice and hearing. It is then contended that a restraining order within the meaning of the above statute is not a temporary injunction. We are not in accord with such contention. It is true that the term "restraining order" is used in one instance and the term "injunction" in the other. In spite of this, we are of the opinion that as used in this statute no technical definition of "restraining order" is intended. In a sense an injunction is a restraining order, and a restraining order is an injunction. 24 Tex. Jur., p. 10, sec. 2; Id. p. 11, sec. 3. Our Liquor Control Statutes, Art. 666-2, declare: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." To our minds, when Article 667-27, supra, is read in the light of the entire Act of which it is a part, and in the light of Article 666-2, supra, it is clearly apparent that the term "restraining order" as it appears in Article 667-27 is used in its general sense, and means the same as the term "temporary injunction." Simply stated, as we interpret this statute it means to authorize the district court to issue temporary injunctions without notice and hearing, but to require notice and hearing before a permanent injunction can issue.

Since we are of the opinion that both of these relators were duly convicted of contempt of court as authorized by Article 667-27, supra, it is ordered that these relators, and each of them, be remanded to the custody of the sheriff of Collingsworth County, Texas.

Opinion delivered October 15, 1941.