## JETER et al. v. STATE.
### No. 2500.

Court of Civil Appeals of Texas. Eastland.

Dec. 22, 1944.

Joe E. Childers and Stinson, Hair, Brooks & Duke, all of Abilene, for appellants.

Theo Ash, of Abilene, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order granting a temporary injunction enjoining and restraining the defendants, George B. Jeter, Calvin Jeter, Claudia New and H. L. Davis from operating and maintaining or assisting in the operation and maintenance of a place of business (The Pallace Drug Store, Abilene, Texas) as a common nuisance as defined by Article 4664, Revised Civil Statutes of Texas, that is, as a place to which the public commonly congregate for business or pleasure where intoxicating liquors are kept, possessed, sold or given away in violation of law; and further enjoining and restraining the defend-

ant, Calvin Jeter, under Article 667—27, Vernon's Penal Code of Texas, from unlawfully selling and unlawfully possessing for the purposes of sale any alcoholic beverages and from violating in any manner any provision of the Texas Liquor Control Act at any place within the boundaries of Taylor County, Texas.

Plaintiffs prayed:

"* * * that judgment be granted ordering the above described place and premises be closed and padlocked for a period of one (1) full year from final date of entry of said judgment, or until such time as any of the above said defendants, or the owners, tenants, or lessees of said business and premises make a bond payable to the State of Texas, at Abilene, Taylor County, Texas, * * * conditioned that the above described place and premises will not be operated or maintained as a place where the public commonly congregates for the purpose of business and pleasure where intoxicating liquors are kept, possessed, sold or given away in violation of the law; And, further, that the defendant Calvin Jeter be further perpetually and permanently enjoined and restrained from unlawfully selling or possessing for the purpose of sale alcoholic beverages and from violating in any way or in any manner at, on or from any place within Taylor County, Texas any of the provisions of the Texas Liquor Control Act; * * *."

The plaintiff's original petition was filed in the District Court and presented to the judge for consideration October 12, 1944. Acting in chambers, the judge on that day granted "without hearing" a "restraining order" to expire in ten days, and said defendants were commanded to appear before the judge of said court on the 21st day of October, 1944, "to show cause * * * why an injunction should not be granted upon such petition effective until final hearing and a decree herein * * *."

The application for injunction was duly verified and in all respects supported by the affidavit of George Connell, Deputy Supervisor, Texas Liquor Control Board.

The petition came on for consideration by the court October 21st, after service of due notice on the defendants, who answered by motion to dissolve. The court took up said application and the supporting affidavits, with the view or purpose of determining "why an injunction should not be granted upon such petition effective until final hearing and decree herein." The court, after due consideration of the plaintiff's petition and the supporting affidavit and testimony, entered an order in part as follows: "* * * and the court after hearing the evidence, arguments and statements of counsel did find that the same was sufficient to support the granting of a temporary injunction as prayed for by the State of Texas, as against the defendants. George B. Jeter, Calvin Jeter, Claudia New and H. L. Davis, enjoining and restraining said defendants temporarily and pending a hearing of this cause on its merits from operating and maintaining or assisting in the operation and maintenance of a common nuisance, and the further granting of a temporary injunction as to the defendant, Calvin Jeter, enjoining and restraining said defendant from violating in any way or in any manner any of the provisions of the Texas Liquor Control Act, at, on or from any place within the boundaries of Taylor County, Texas." From that order this appeal is prosecuted.

The appellants' first 6 points are briefed together, and in effect, but from different angles, raise the same question, namely, that the trial court had no jurisdiction to grant temporary injunction under Art. 4664, Revised Civil Statutes, and succeeding articles, and that jurisdiction to grant such relief was available only under Articles 666—29 and 667—27, Penal Code of Texas.

The appellants (defendants below) raise the question by directing special exceptions to each allegation in plaintiffs' original petition, which sought injunctive relief in part under and by virtue of the provisions of Article 4664, supra. The trial court overruled each exception. The defendants (appellants) contended that the trial court did not have jurisdiction to grant such injunctive relief under Article 4664 in matters involving intoxicating liquors since in such matters the only statutes granting jurisdiction to do so are Articles 666—29 and 667—27, Penal Code of Texas.

Proceeding upon the theory that the order appealed from was merely one granting a temporary injunction, (a matter about which something further will be said later in the opinion,) it is obvious that the question of whether the trial court had jurisdiction to grant a temporary injunction against the parties and activities complained of as a place of common nuisance, etc., under Art. 4664 (that is, a place to

which the public commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold or given away in violation of law) presents, after all, only a question of whether Article 4664, supra, has been repealed by the Texas Liquor Control Act (House Bill 77, Acts 1935, 44th Legislature, Second Called Session, and amendments thereto, Vernon's Ann.P.C. art. 666—1 et seq.) which has been codified as Articles 666 and 667 with their various subdivisions, Penal Code of Texas.

■ Upon the authority of Parker v. State, Tex.Civ.App., 161 S.W.2d 319, we are of the opinion the trial judge committed no error in overruling the defendant's special exceptions. The same jurisdictional question was passed on in the Parker case, and the Supreme Court refused a writ of error therein. In that case, as in the instant one, the appellants relied on the decision of the Court of Civil Appeals in Trent v. Kennedy, 109 S.W.2d 327, and the decision of the Supreme Court in Ex parte Steele, 137 Tex. 508, 155 S.W.2d 355, to establish their contention that the District Court had no jurisdiction, since (as they contended) said Article 4664 had been repealed, insofar as it relates to intoxicating liquors, by the adoption of the Texas Liquor Control Act.

In the Parker case the Court specifically held that Article 4664 was in nowise repealed by the Texas Liquor Control Act or any part thereof, and expressly eliminated the apparent conflict suggested by the opinion in Ex parte Steele, 137 Tex. 508, 155 S.W.2d 355, and that resulting from the opinion in Trent v. Kennedy. On the question now being considered the opinion in the Parker case holds, in part; as follows [161 S.W.2d 320]:

"The opinion of the Supreme Court (referring to Ex parte Steele, 137 Tex. 508, 155 S.W.2d 355) in nowise holds that Art. 4664, supra, has been repealed, and we are not in accord with the view expressed by the Honorable Third Court of Civil Appeals in Trent v. Kennedy, 109 S.W.2d 327, wherein it held that Art. 4664, supra, in so far as it relates to intoxicating liquors, was repealed by the adoption of the [Texas] Liquor Control Act * * *."

From the same opinion we have the further holding:

"Nor do we think that Art. 4664, supra, is in conflict with Art. 666—29 of the Texas Liquor Control Act, or with any other provision thereof, nor do we think that it was repealed. * * * We think that the other provisions of our statutes that in anywise condemn the use of liquor and which were not in conflict with this Act were not repealed by implication by the adoption of said Act; * * *."

Appellants in the Parker case, in applying to the Supreme Court for a writ of error, predicated their application for jurisdictional grounds on the conflict between the decision in Trent v. Kennedy and the decision in the Parker case on the exact question—repeal of Article 4664—here involved. The application for writ of error was refused in the Parker case and the significance of such action is well understood in the light of Texas Rules of Civil Procedure (483), and such authority as Conley v. Abrams, Tex.Civ.App., 7 S.W.2d 674, Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, 565, Stanolind Oil & Gas Co. et al. v. Edgar et al., Tex.Civ.App., 98 S.W.2d 222, 223, and Humble Oil & Refining Co. v. State, Tex. Civ.App., 158 S.W.2d 336, 338. See also Glass v. Great Southern Life Ins. Co., Tex.Civ.App., 170 S.W.2d 247, 249.

Clearly the Liquor Control Act makes neither an express nor implied repeal of Article 4664. 59 Corpus Juris, § 513, p. 910, and § 520, and authorities there cited. These points are overruled.

■ There is no merit in the contention that the hearing or consideration given the plaintiffs' petition on October 21, 1944, was a hearing or trial on the merits of the case. That was merely a hearing on appellee's application for a temporary injunction, which was granted and from which interlocutory order this appeal is prosecuted. Such action logically followed the granting on October 12, 1944, without notice, of the ten day restraining order. The very allegations of the pleadings and the language of the court's judgment granting the temporary injunction leave no doubt about the nature of the action taken by the trial court on October 21st, and they show clearly no final trial on the merits was contemplated by anyone. The hearing on October 21st has none of the characteristics of a trial for permanent injunction. Ex parte Steele, 137 Tex. 508, 155 S.W.2d 355; Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579, Ann.Cas.1917B, 121; Penal Code, Art. 667—27; Rules 680, 681, Texas Rules of Civil Procedure.

Rule 680 reads in part as follows:

"* * * in case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date * * *."

Rule 681 reads:

"No temporary injunction shall be issued without notice to the adverse party."

Obviously the trial judge did only that which was required of him by the rules of correct procedure. It cannot plausibly be contended that the trial judge could have ordered a hearing on the merits for October 21, 1944, had he desired to do so, for he would have had no authority to do that and compel the litigants to comply. Ex parte Zuccaro, supra.

Aside from Rules 680 and 681, supra, there are other reasons for the above conclusions, such as the fact that (1) service had not matured, and, although answer had been filed, (2) neither party could have forced the other into trial on the merits at that time, nor could the court have then forced the parties to trial on the merits. The question of whether the parties could have agreed to a trial on the merits at that time does not arise on the record, since there is no showing they attempted to do so.

■ Under the pleadings and the evidence, Article 667—27, Penal Code, fully warranted the further proceeding and order for temporary injunction against Calvin Jeter, restraining him from violation or threatening to violate any of the provisions of the Texas Liquor Control Act. The Zuccaro case, supra, is as to all the defendants under Art. 4664, and as to Calvin Jeter under Art. 667—27, ample authority for the restraining order granted without notice and the subsequent order granting temporary injunction; and there can be no doubt that the hearing on October 21st was, in fact, a hearing on plaintiffs' application for temporary injunction under the above rules and authorities cited.

Points 7 through 13 assert the temporary injunction order was granted or issued (1) without any evidence to support the same, and (2) without sufficient evidence, and that the trial court therefore abused his discretion in entering the order appealed from.

We overrule these attacks on the testimony or showing made for the relief granted.

■ Applicable rules of law in such situation is stated in 27 Tex.Jur., p. 313, sec. 253, as follows:

"In all appeals from interlocutory orders granting or refusing a writ or dissolving or refusing to dissolve one, the only question is whether the trial court abused its discretion in entering the order appealed from."

■ The general rule as to whether there has been an abuse of discretion in such proceedings is stated in said text (p. 314) as follows:

"* * * if the petition states a cause of action and the evidence at the hearing sustains it, then there is no abuse of discretion." Midland Building & Loan Ass'n v. Sparks, etc., Tex.Civ.App., 35 S.W.2d 774; Tyree v. Road District, Tex.Civ.App., 199 S.W. 644 writ refused.

■ Further, the appellate courts review the sufficiency of evidence below in this type of cases, not as it would in an appeal from a trial and judgment, but merely to see if the evidence supports the court's exercise of discretion. Whitaker v. Hill, Tex.Civ.App., 179 S.W. 539; Hinckley-Tandy Leather Co. v. Hazelwood, Tex.Civ.App., 35 S.W.2d 209; American Construction Co. v. Seelig, Tex. Civ.App., 131 S.W. 655, affirmed 104 Tex. 16, 133 S.W. 429.

In the light of such rules, we are of the opinion that the State's application for injunctive relief was legally sufficient and likewise sustained by the testimony or showing made. The bill was duly verified and supported in detail by the affidavit of the deputy supervisor of the Liquor Board, which affidavit was attached to the petition and made part thereof. The defendants' answer does not by its terms swear away the equities of the petition. The answer contains no general denial and neither does it specifically deny the factual allegations of the plaintiffs' petition. It does not refer to the affidavit of the deputy supervisor or in any way controvert the same. The answer is merely a motion to dissolve, raising in different ways by general allegations the same questions previously raised by the special exceptions, and passed on in the earlier part of this opinion. In the situation thus presented,

the State's verified petition and the unchallenged supporting affidavit attached thereto are sufficient and conclusive of the State's right in this proceeding for temporary injunction, and the burden of proof warranting the order for the same was fully and sufficiently met. 24 Tex.Jur. p. 183, sec. 137, page 181, sec. 135; Fort v. Moore, Tex.Civ.App., 33 S.W.2d 807; Yonack v. Emery, Tex.Civ.App., 4 S.W.2d 293, par. 6.

Further, Inspectors for the Liquor Board made several successful raids on defendant's place of. business, and the last one, "about two weeks" before the trial, netted 9 pints of whisky (concealed.) On the hearing the parties agreed that Calvin Jeter had beeen duly convicted for unlawful sale and possession of alcoholic beverages in at least 5 cases.

■ Granting the temporary writ of injunction under the circumstances evidences no abuse of discretion on part of the trial judge. Gordon v. Hoencke, Tex.Civ.App., 253 S.W. 629, 630, par. 1; Harding v. W. L. Pearson & Co. et al., Tex.Civ.App., 48 S.W.2d 964; Haden Employees' Ass'n v. Lovett, Tex.Civ.App., 122 S.W.2d 230, error refused; Crowell v. Cammack, Tex. Civ.App., 40 S.W.2d 259; W. L. Pearson & Co. et al. v. Harding, Tex.Civ.App., 30 S.W.2d 403; Cannon v. McCoomb, Tex. Civ.App., 268 S.W. 999; McAmis v. Gulf C. & S. F. R. Co., Tex.Civ.App., 184 S. W. 331, 332, par. 3; Vance v. State, Tex. Civ.App., 179 S.W.2d 436, 437, par. 2.

As to the existence of the common nuisance, or the violations of the Texas Liquor Control Act, charged in the petition, the showing is sufficient in nearness of time to the institution of this proceeding to warrant the granting of the temporary injunction. Jeter v. State, Tex.Civ.App., 171 S.W.2d 192; Vance v. State, Tex.Civ. App., 179 S.W.2d 436, 437, writ refused; State v. Crystal Club et al., Tex.Civ.App., 177 S.W.2d 110; Walker v. State, Tex.Civ. App., 173 S.W.2d 741; Engler v. United States, 8 Cir., 25 F.2d 37; United States v. Budar, D.C., 9 F.2d 126; Shore v. United States, 7 Cir., 282 F. 857; Art. 667—27, Penal Code of Texas.

Further, there were no allegations in the alternative, or otherwise, by defendants, or either of them, that their future conduct would be different from that in the past or as alleged in the State's petition; nor was any evidence to such effect offered by them, or either of them; and as to Calvin Jeter, he admitted violation of various provisions of the Texas Liquor Control Act.

■ The trial court did not err in granting the temporary injunction under Art. 667—27, Penal Code of Texas, against Calvin Jeter to be effective co-extensive with the boundaries of Taylor County. Ex parte Steele, 137 Tex. 508, 155 S.W.2d 355 (Pt. 2).

Appellants' points are overruled, and for the reasons assigned the judgment is affirmed.