C. D. SUTTLE et al., Appellants,

v.

STATE of Texas, Appellee.

No. 4922.

Court of Civil Appeals of Texas, Waco.

Aug. 6, 1970.

---

Berman, Fichtner & Mitchell, W. W. Mitchell, II, Dallas, for appellants.

Martin D. Eichelberger, Dist. Atty., Ronald R. Slaughter, Frank Fitzpatrick, Jr., Waco, for appellee.

OPINION

WILSON, Justice.

The State, seeking an injunction, alleged that eighteen named individual defendants and Cook United of Texas, Inc., pursuant to a conspiracy, on the two consecutive days of Saturday and Sunday habitually sold and offered for sale listed items, prohibited by the statute, in violation of Art. 286a, Vernon's Annotated Penal Code.

The court found that fourteen of the individual defendants conspired to and did habitually and regularly sell and offer for sale the described merchandise on the two consecutive days in violation of the Act, and permanently enjoined them from doing so.

■ Appellants urge that Art. 286a applies only to employers, and not to employees such as the proof shows the individual defendants are. The statute applies to "Any person" who "sells or offers for sale or shall compel, force or oblige his employees to sell" specified merchandise. The point is overruled. The statute is applicable to employees as well as employers. Hill v. Gibson Discount Center (Tex.Civ.App. Amarillo, 1969, writ ref. n. r. e.) 437 S.W.2d 289, 293.

Appellants, who are the individuals named in the injunction decree, say there is no evidence that they sold or offered to sell the prohibited items on any consecutive Saturday and Sunday, or that they conspired or threatened to do so. We must sustain this contention.

■ Ordinarily, courts of equity will not entertain actions to enjoin the commission of a penal offense in the absence of specific statutory authorization. Ex parte Steele (1941) 137 Tex. 508, 155 S.W.2d 355; Ex parte Hughes (1939) 133 Tex. 505, 129 S.W.2d 270. Here, by Art. 286a, there is direct legislative authority.

■■ Writs of injunction may not issue on mere surmise, however. Millwrights Loc. Union No. 2484 v. Rust Engineering Co. (Tex.Sup.1968) 433 S.W.2d 683, 687. The burden of proof here is on the State, Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 815, 26 A.L.R. 1210; and every essential fact must be established by at least a preponderance of the evidence. 43 C.J.S. Injunctions § 192 p. 889 et seq.; 42 Am. Jur.2d Injunctions, Sec. 287, p. 1083. See Panola County Commissioners Court v. Bagley, (Tex.Civ.App., Texarkana, 1964, writ ref. n. r. e.), 380 S.W.2d 878, 883.

■ There is no evidence of probative force whatever in this record that the individual defendants ever sold or offered to sell prohibited items on any successive days, Saturday and Sunday, or that they threatened or conspired to do so. There is proof defendants were "employed by" Cook United, and that they "worked" on consecutive days of Saturdays and Sundays. There is proof Sundaco paid some defendants for Sunday "work". There is evidence that "the premises at 1312 New Road", where the store was located, sold merchandise. Upon objection that whether the "premises sold merchandise" or merchandise was "sold from the premises" was not the issue, but "the issue is whether a given person has sold on a consecutive day" appellee's counsel replied that "the question is directed to the premises", and "I will tie it in". Despite the assurance, this was never done.

There was evidence defendants had "worked" in the store as cashiers, as cash register operators, at "putting things in lay-away", giving refunds and making reports; but there is no evidence of sales by them, or of sales on the days charged. There is no semblance of evidence of conspiracy. "These people had their particular jobs", was the testimony, although some "could work in any department". The extent of the proof was "the store was open out there" on consecutive Saturdays and Sundays, and that merchandise

was "offered for sale Monday through Saturday". Neither Cook United nor Sundaco are defendants. The "store" is not a party. Only the employees are parties; and there is no proof they violated or threatened violation of the statute. "Working" at the store is not prohibited by the legislation on which appellant's application is predicated. It is a "sale" which the statute prescribes as an offense. This is not a case in which the "store" is charged with a statutory violation, and it is not the entity or party enjoined. The record is short. It is devoid of evidence to support a permanent injunction.

It is unnecessary to pass on appellants' other points. The judgment is reversed and the injunction is dissolved.