### Gunn v. The State.

1. The act of 1873 (Code, §4580), making it a misdemeanor to hunt any kind of game with gun or dogs, or both, on the Sabbath day, is not violative of the constitution of this State or of the United States.

2. The word "game," without statutory definition, is sufficiently certain. The word is to be understood in its ordinary signification. Code, §4, par. 1.

3. "Sunday" and "the Sabbath day" are synonymous in the legislation of Georgia.
4. The evidence warranted the judgment of the county court finding the accused guilty.                    *Judgment affirmed.*
May 18, 1892.

Criminal law. Sunday. Words. Constitutional law. Before Judge MILLER. Houston superior court. April term, 1892.

Indictment for hunting partridges with gun and dogs on Sunday, February 15, 1891, under the code, section 4580. The defendant was convicted in the county court, and on *certiorari* the conviction was upheld. The errors assigned in the petition for *certiorari* are as follows: (1) Pending the trial the defendant objected to the rendition of any judgment against him, because the statute above mentioned is unconstitutional, in that it has a tendency to interfere with and restrict the right of all men to worship God according to the dictates of their own consciences; in that it was an attempt to punish the defendant on account of his religious opinions, the act complained of not being licentious, or a practice inconsistent with the peace and safety of the State; and in that the statute does not define what kind of game is meant to be within its provisions; it is too indefinite, and to make an offence it is necessary to go outside of the law itself to determine whether the thing or things hunted with gun or dogs or both, is a violation of the law, whether it is birds or animals, or what kind of birds or what kind of animals. These objections were overruled. (2) There was no sufficient evidence certainly and definitely to warrant the conviction, it not appearing that the defendant did actually hunt for game on that day with gun or dogs or both, and it not appearing that anything he hunted was game in the sense and intention of the act, and it not appearing that the Sunday to which the evidence pointed as showing

that he was on that day engaged in hunting with his gun and dogs, was the Sabbath day.

The testimony showed that on a Sunday early in 1891, the defendant and two other men went in a ' buggy driven by one Dales, carrying with them three guns and a pointer dog, to the house of one Newell in Houston county, and arranged with him to take care of the mules while they went to a baptizing in the neighborhood, as they said. He agreed to do so, and they drove off. In a short while Dales returned with the buggy and mules, which remained there until later in the day, when the defendant and the others returned for them, bringing guns and the dog. Newell heard shooting in the direction they went, all the day. When they returned in the evening they brought a number of birds, partridges and perhaps doves, in a bird bag. Partridges are considered game birds, Newell believes. A pointer dog is a bird dog, and is used for hunting birds. One Porter saw the defendant and two others near his house on Sunday during the early part of the year; they were shooting; he saw a pointer dog which he knew to be defendant's dog, running over the ground as if he were hunting; he saw them shoot, but did not know what they shot at; they were shooting at something as if it were birds flying in the air; he did not see whether they shot birds or whether they killed any birds; all of which occurred in Houston county.

R. F. LYON, for plaintiff in error.

W. H. FELTON, JR., solicitor-general, *contra.*