### MIDLAND BUILDING & LOAN ASS'N et al. v. SPARKS CHAPEL COLORED M. E. CHURCH IN AMERICA et al.

No. 10934.

Court of Civil Appeals of Texas. Dallas.

Feb. 7, 1931.

Vern D. Adamson, of Marshall, for appellants.

J. H. Synnott, of Dallas, for appellees.

JONES, C. J.

This suit was instituted by appellees, Sparks Chapel Colored M. E. Church in America, G. W. Watson, George Tates, H. Jackson, H. R. Johnson, M. Bigins, R. B. Bogan, and J. J. Carson, trustees of said church, and A. B. Johnson, pastor of the church, and F. M. Fountain, presiding elder of the district to which the church belongs, acting for and on behalf of said church, the Quarterly Conference, and the Church Extension Board of the Colored M. E. Church in America, against appellants, Midland Building & Loan Association and Verne D. Adamson. The purpose of the suit is to cancel four deeds of trust and certain notes secured by liens created by the respective deeds of trust on the local church property; to have payment of usurious interest declared and for judgment in favor of appellees for double the amount of such usurious interest alleged to have been paid; to enjoin appellants from executing the power of sale, authorized by each deed of trust, and for a temporary writ of injunction to restrain appellants from making a threatened sale of the church property under the power of sale in the deeds of trust, until the final determination of this suit. The court granted a temporary writ of injunction upon a hearing, and appellants have duly perfected an appeal from such order to this court.

In the year 1928, and previous thereto, the congregation of the Sparks Chapel Colored M. E. Church in America was occupying a church building on a portion of the property in controversy, and held the services of their church therein. Title to property was held by the said church in the manner local churches are permitted to take title under the constitution and laws of the M. E. Church in America. The church building had become old and dilapidated, and was badly in need of repairs. Certain members of the local church held the office of trustees and in this capacity had such possession and control of the property as is

given them by the said constitution and laws. A. F. Johnson had been assigned by the Annual Conference as pastor of such church and in 1928 held such charge.

It was desired by the pastor and trustees to improve and remodel the church building and two small residences located on the church property, and in possession of the trustees, in the same manner in which they held the church property. Plans and specifications were prepared and drawn up, and appellant loan company was solicited for a loan in order to secure the funds necessary for such improvements. As a result of these negotiations, the loan company agreed to advance the necessary money for the improvements and to evidence same by promissory notes representing, in the aggregate, the amount of money to be advanced. These notes were executed by the trustees in their capacity as such trustees, and their payment secured by four separate deeds of trust liens on the church property executed by the trustees.

There was existing at the time a mechanic's lien in favor of Booth Lumber Company, amounting to approximately $1,700. This mechanic's lien had been executed by the then trustees of the church, and secured by a deed of trust executed by such trustees. The money borrowed from the loan company was sufficient in amount to take up this prior lien and to pay for all of the improvements made, such amount being approximately $9,000. The loan company took from the Booth Lumber Company an assignment of their lien and note, extended the note, and another deed of trust was executed to the loan company to secure this extension note.

The incumbrance on the church property by these respective deeds of trust was created without authority from the Quarterly Conference of such church, the presiding elder, or any church authority other than the trustees and pastor. The notes and deeds of trust provided that the debt should be paid and the lien discharged by monthly payments with the amount of such payments specified. These instruments also provided that, if default in these monthly payments should be made when they became due, the holder of the notes could declare all of the indebtedness due. The deeds of trust conveyed the property to a trustee, and each vested the trustee with a power of sale in case default in payment should be made. Appellant Verne D. Adamson is the substitute trustee. On the face of the instruments, the default of appellees gave to the holder of the indebtedness the power to declare same due and vested in the trustee the right to sell the property to pay the indebtedness. The trustee, after due notice, was advertising the property for sale when this suit was instituted and the temporary injunction, restraining such sale, was issued.

This record discloses that the constitution and by-laws of the Colored M. E. Church in America are published in a church book known as "The Discipline." The Discipline forbids the incumbering of any church property by the trustees, the pastor, or the local congregation, except when authorized by a Quarterly Conference, at a session when the presiding elder of the district is present. The record also discloses that no authority was given by the Quarterly Conference to appellees for incumbering this property with the various deeds of trust liens, for borrowing the money, or for remodeling the church. The record makes it plain that the transaction that culminated in the borrowing of the money, in the execution of the notes and the deeds of trust, was the independent action of the trustees and pastor. The law of the Colored M. E. Church in America, as shown by The Discipline, declares that any debt incurred, or any pretended lien attempted to be fixed on church property, without the authority of the Quarterly Conference, given at a session when the presiding elder is present, shall be null and void.

This record also discloses that probably usurious interest has been charged by the loan company and paid by appellees, in that, it is shown that the notes bear the maximum rate of interest allowed, and that about $800 on the amount of the loan, as shown by the notes, was never paid to appellees.

The issuance of a temporary writ of injunction is merely a provisional remedy allowed by the court, before the trial of this case on its merits, for the sole purpose of preserving the subject-matter of the controversy as it existed at the time the suit was instituted. As a provisional remedy, the function of the temporary injunction in the instant case is to prevent appellants from selling the property until the trial of the suit, which challenges the right to sell, has determined the issues of law and fact made by appellees' petition. The issuance of the temporary writ of injunction did not determine the issues of law or fact involved in the main suit, and they are left as they existed prior to the issuance of such writ.

In any particular case the issuance of a temporary writ of injunction rests largely in the discretion of the trial court, and his action, in either granting or refusing to grant such writ, cannot be disturbed, unless it be made to appear that the discretion thus lodged was abused by the order made. So, in the instant case, the sole question for review is: Did the trial court abuse its discretion in granting this writ and thereby maintaining the existing status of the property. If the petition filed by appellees in the suit alleges

no cause of action against appellants, in that its allegations fail to show that appellees have alleged a valid defense to the sale of their property under the ·deeds of trust, or if the petition does allege a cause of action, but, at the hearing, the evidence failed to disclose any issuable fact to sustain such cause·of action, then, in either event, the trial court abused its discretion in granting the temporary writ. On the other hand, if the petition does allege a cause of action and the hearing shows the existence of evidence tending to sustain it, then there was no abuse of discretion by the trial court in issuing the temporary writ.

██ In our opinion, the petition states a cause of action for equitable relief against appellants, and also states a cause of action for legal relief against them, because of the usurious interest exacted and collected. It is likewise our opinion that the evidence adduced at the hearing shows that a substantial controversy as to appellees' rights exists between the parties in respect to the equitable relief sought by appellees in the final trial of this case. The record discloses that the trustees of the local church are forbidden by law of their church to encumber church property with a lien, unless such trustees are authorized to do so by an act at a session of the Quarterly Conference with the presiding elder present. The record further discloses that the trustees in the execution of these notes and deeds of trust had no such authority of the Quarterly Conference, but acted independent of such church body. The record also discloses that appellant loan company had no actual notice of this limitation placed on the powers of the trustees of the local church by church law. It is general law that the trustees of a religious society are intrusted with the management of its temporal affairs, and hold possession of its property for the use of the persons who constitute the membership of such church, under the constitution, usages, and laws of their organization. 23 R. C. L. 439. Appellant loan company knew that it was contracting a loan with the trustees of the local church, and there is raised at least a serious question, to the effect that the loan company is charged with the duty of making inquiry as to the powers of such trustees to deal with the property in a manner that might result in the loss of the property for the use of the members for church purposes. An issue is clearly made by the evidence that appellant Adamson, as trustee, was in process of selling the property to pay in part a usurious debt. As there is thus shown to exist a substantial controversy between the parties to this suit, as to the right of appellants to sell the property for the purposes for which such sale was attempted, the court did not err in granting the temporary writ of injunc-

tion, in order to maintain the status of the property until the final trial of the suit. City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W.(2d) 271, 273.

Appellants filed an able brief, which, in the main, assumes that the granting of the temporary writ of injunction decided the issues of the main case against them and the many assignments of error relating to this fact are not material on the issues raised by this appeal, and have not been discussed. It necessarily follows that, in our opinion, judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.