**JONES v. HILLIARD et al.**

No. 11294.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1933.

Rehearing Denied Oct. 28, 1933.

Hay, Finley, Wolfe & Barron, of Sherman, for appellant.

Jas. D. Buster, of Sherman, for appellees.

BOND, Justice.

On January 29, 1932, O. Hilliard and others filed a petition in the Fifteenth district court of Grayson county, for a temporary injunction, to restrain R. E. Jones from usurping the office of pastor of the Pleasant Grove Baptist Church (colored) of Denison, Tex., from interfering directly or indirectly with any of the officials or religious meetings of said church, from locking the doors of the church building, from interfering with the duties incumbent upon the officers of said church, and to command said Jones to unlock said church door, stay off the premises and out of said building. Petitioners alleged that they are the duly elected trustees of the church, and that the acts and conduct of appellant are such that the congregation and officials are unable to carry on the ordinary church business, raise money to meet the church obligations, or to exercise the devotions of the organization; that property rights are involved, which are subjected to irreparable damage on account of threats of violence made by Jones to and concerning members of such organization, who seek the use of the church property for church purposes. The temporary injunction was granted.

On February 19, 1932, Jones filed a motion in said court to have the temporary injunction dissolved, and thereby joined issues with the petitioners, denying in toto each allegation of the sworn petition, thus completely challenging the rights of the petitioners to the relief sought by injunctive proceedings. On this status of the pleadings, the court set down for hearing the motion to dissolve the temporary injunction, and such hearing continued in force the injunction, with the following modification: "That he (R. E. Jones) is restrained from usurping the office of pastor and interfering in any manner with the Reverend G. B. Williams in his discharge of the duties of the pastorate, and that he be further restrained from interfering with the Trustees with the management, custody and control of the church property and parsonage, or from interfering in any manner with the lawful assembling of said congregation for business or religious purposes in said property described in plaintiff's original petition, but nothing in this order shall restrain the said defendant, R. E. Jones, from going upon said premises or from attending religious or business services of said church and shall in nowise interfere with his membership in said local congregation."

From the judgment, refusing the motion to dissolve, Jones appealed.

The record discloses that the Pleasant Grove Baptist Church is an independent religious organization, having the congregational form of church government, which owes no fealty or obligation to any higher authority; the will of the numerical majority of its members determines the action of the church upon all questions of church government, and controls the use of the property of the church.

On January 11, 1932, Jones was the undisputed pastor of the church, and on said date tendered his resignation as such pastor to a regular conference of its church members. A majority of the members voting declined to accept his resignation; thus, two factions arose in the hitherto united organization.

900

The Hilliard faction opposing the retention of Jones as pastor of the church, called another conference of the church members for January 25, 1932, the meeting to be held in the church building, and secured an injunction from the county court of Grayson county, restraining Jones from attending said meeting, or in any way interfering with same and the property of the church. The meeting was held, a moderator elected, Jones deposed, and Reverend G. P. Williams elected pastor. The testimony is conflicting as to the regularity of the proceedings taken by the assembly on January 11, 1932, in which Jones was retained as pastor, and the proceedings of January 25, 1932, in which Jones was deposed and Williams elected, and the assembly's failure to observe the rules and regulations of the church. The evidence is also conflicting as to the property rights involved and the extent of damages appellees would suffer should the injunctive relief be denied.

■ It is an established rule of law in this state that civil courts will not interfere with the internal policies of religious organizations, but will leave the organization free to carry on its own business, in accordance with its own rules of procedure, unless some valuable property right is involved. When property rights are involved, the rules of procedure made by the church functionaries, or by long-established customs and use, not in conflict with some civil law bearing on the subject, becomes a matter for the consideration of courts. In the case at bar, the pleadings raise the issue that appellant was usurping an official position in the church organization, taking charge of the church property, and by threats of violence depriving appellees, members and officials of said church, from assembling therein to raise funds to pay outstanding debts and mortgages and to carry on their devotional services. There are also issues raised as to the legality of the proceedings in deposing appellant as pastor of the church, challenging his alleged pastoral authority in the control of the church property, and questioning the proceedings to depose him as pastor and to elect another. On the hearing evidence was introduced tending to sustain the issues.

■■ The court, in holding the matter in statu quo by the issuance of the temporary injunction, exercised a provisional remedy, i. e., of preserving the subject-matter of the controversy as it existed at the time the suit was instituted. "In any particular case the issuance of a temporary writ of injunction rests largely in the discretion of the trial court, and his action, in either granting or refusing to grant such writ, cannot be disturbed, unless it be made to appear that the discretion thus lodged was abused by the order made." Midland Bldg. & Loan Ass'n v. Sparks, etc., Church (Tex. Civ. App.) 35 S.W.

(2d) 774, 775. Thus, the trial court, exercising the discretion reposed in him, merely held the controversy in abeyance, pending final hearing before a court or jury. A temporary writ of injunction does not decide the controverting issues involved, and on appeal from the order granting or refusing the writ, appellate courts determine whether, from the record, it is shown that the trial court has abused its discretion.

We conclude that the trial court did not abuse its discretion and the judgment should be affirmed, and it is so ordered.

Affirmed.