STATE OF CONNECTICUT *v.* CLAIR L. MORAIS

FILE No. CR 14-26069

STATE OF CONNECTICUT *v.* ANTHONY L. ROMANO

FILE No. CR 14-26065

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued October 7—decided December 10, 1963

*David L. Gussak,* of West Hartford, for the appellants (defendants).

*Edward Pasiecznik,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. Both defendants, following their conviction of being present at dancing on Sunday in violation of § 53-300 of the General Statutes, appealed, assigning as error that § 53-300, as it relates to the crime charged, is unconstitutional. The grounds upon which they rely are, first, that the statute is vague and fails to warn of the acts it purports to restrict and, secondly, that it presumes a violation without requiring an intent. After the state had rested, the defendants moved for dismissal on those grounds and, on being overruled, excepted and took their appeal. Neither defendant testified or offered any evidence in defense. The constitutionality of a statute involving the crime charged can be raised by a demurrer. *State* v. *McKee,* 73 Conn. 18, 24. Upon the overruling of the demurrers, the defendants could have refused to plead over, let judgment enter and appeal, and on such appeal raise the identical questions they now present. However, they elected a trial and now appeal from the resulting judgments, assigning

no error in the trial other than in the court's denial of their motions to dismiss. "In such a situation where a case has been fully tried . . . we do not determine the question arising upon the demurrers in disregard of the subsequent proceedings . . . ." *State* v. *Hayes,* 127 Conn. 543, 582. We review the questions of constitutionality upon the facts established at the trial. *State* v. *Sul,* 146 Conn. 78, 83. With all the facts before us, it is unnecessary to rule on the effect of a decision upon a demurrer. *Scott* v. *Scott,* 83 Conn. 634, 636; Maltbie, Conn. App. Proc. §§ 66, 67. Furthermore, the judge who tried the case was not bound by the previous ruling on the demurrer. *Albrecht* v. *Rubinstein,* 135 Conn. 243, 247.

The defendants were charged with violating § 53-300, the pertinent part of which provides: "Any person who is present at any concert of music, dancing or other public diversion on Sunday or on the evening thereof, except as permitted by this section, shall be fined . . . ." In the early morning of Sunday, June 16, 1963, an officer of the Hartford police department was at the Hofbrau Restaurant in the city of Hartford. The Hofbrau is a restaurant-grill combination and has a liquor license. The officer talked with the defendant Romano, the proprietor, and informed him, "If you have dancing, Mr. Romano, someone is going to get arrested." Romano said, "Well, we're going to have dancing," and then he walked away. There was a band present, consisting of four or five pieces. At approximately 1:40 a.m. dancing ensued and some ten people were observed dancing on a dance floor, including the defendant Clair L. Morais, who was dancing with her husband.

The defendants concede that if the statute is held to be constitutional as it relates to the errors raised,

then guilt has been established. We first consider whether the statute is so indefinite as to render it nugatory under the state constitution, article first, § 12, and the federal constitution, amendments V and XIV. Specifically, the defendants' first contention under this claim is that the word "dancing" is not defined with certainty, for it could be construed to mean either social dancing or exhibition dancing. The test of certainty in a criminal statute is discussed in *State* v. *Andrews,* 108 Conn. 209, 213, where it is said that a statute will not be held void for uncertainty if a practical and sensible effect may be given to it. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1. We have not encountered the difficulty which appears to have confronted the defendants in construing the meaning of the word "dancing" as it is used in the statute. "Dancing" has been defined as a form of exercise or amusement in which one or more persons make a series of more or less graceful movements or steps in accord with music. *People, on Complaint of Granville* v. *Bernquist,* 167 Misc. 293, 294 (N.Y.). Webster, New World Dictionary (Coll. Ed.), defines the word "dance" as follows: "1. to move the body especially the feet, in rhythm, ordinarily to music." See also 25 C.J.S., Dance or Dancing. Where the language is plain and unambiguous, as in this case, the intent of the statute is to be determined by its language. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447. No construction in such an instance is necessary, for the enactment speaks for itself. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683. Such a limitation as the defendants would have us apply to a provision otherwise clear must find some expression in the statute itself to be persuasive. It clearly is incumbent upon any litigant desiring to

limit the general and inclusive import of a word to show something in the context of the statute, or some general course of interpretation in like matters, sufficient logically to justify a restriction in the meaning of the term. *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 241, and cases cited. This the defendants have failed to do. The rule of strict construction does not require that the narrowest technical meaning be given to the words employed in a criminal statute in disregard of their context and in frustration of the obvious legislative intent. *State* v. *Faro,* 118 Conn. 267, 274; *State* v. *Zazzaro,* 128 Conn. 160, 165. We cannot hold that the meaning of "dancing" as here used is so indefinite or ambiguous as to render the act unconstitutional. On the contrary, it is manifest that the legislative intent was to prohibit dancing under the conditions here imposed, and such "dancing" is to be construed in terms of its lexicological definition.

The defendants further contend that "concert of music" as used in the statute modifies the word "dancing," thereby prohibiting concerts of dance music and not dancing. The comma appearing between "concert of music" and "dancing," though not decisive, does indicate a separation of the operation of these two elements. A comma has been defined as: "1. A mark of punctuation used to indicate a slight separation of sentence elements . . . . 2. A slight pause." Webster, New World Dictionary (Coll. Ed.). The language of the sentence, if read in view of this construction, clearly indicates that the intent was to separate "concert of music" from "dancing." "Furthermore, [i]t is the commonly accepted rule that, where more than two words are intended to be connected by the same conjunction, that conjunction is usually omitted except between the last two. See illustration in Fowler, Modern

English Usage, p. 408." *State* v. *Bello,* 133 Conn. 600, 604. The applicable portion of § 53-300 contains a good illustration of the application of this rule. It starts: "Any person who is present at any concert of music, dancing or other public diversion . . . ." It is obvious that full expression would require "or" to appear in place of the comma. "It is of course true that penal statutes are strictly construed against the state and liberally in favor of an accused. . . . To enforce the rule beyond its purpose, however, would be to exalt technicalities above substance." *State* v. *Bello,* supra. "[W]e must assume that the legislature intends the statutes it enacts to be capable of a sensible application." *Guhring* v. *Gumpper,* 117 Conn. 548, 552. The terms here considered are sufficiently explicit in defining the conduct proscribed to meet this test, that is, to inform those subject to the statute what conduct will render them liable. There is no merit to this contention.

The defendants also contend that "this statute creates a criminal act without the necessity of criminal intent" and is therefore unconstitutional. "It is quite true that guilty knowledge, or evil or guilty intent, is, speaking generally, an essential element of crimes at common law; but it is also true that in very many statutory crimes guilty knowledge or intent is not an essential element. . . . It is for the legislature to determine whether the legality or illegality of a given act shall depend upon the knowledge or the ignorance of the doer; and it thus becomes a question of construction in such cases whether guilty knowledge or guilty intent constitutes an element of the statutory crime." *State* v. *Nussenholtz,* 76 Conn. 92, 95, 96. " 'There are many statutes in the nature of police regulations for the protection of the morals of the community . . . under which, either because it is

impracticable to . . . prove knowledge, or because it is regarded as reasonable under the circumstances that the doer of the act should take the risk of knowing the facts, it is generally held that the prohibited act is criminal, notwithstanding' the ignorance of the accused." *State* v. *Gaetano,* 96 Conn. 306, 316, quoting Clark, Criminal Law (3d Ed.) pp. 92, 93; see 14 Am. Jur. 784, Criminal Law, § 24, and cases cited. "Although such statutes as this [referring to what is now, as amended, § 53-300] may be said to have had a religious origin, they are upheld as a valid exercise of the police power . . . ." *State* v. *Shuster,* 145 Conn. 554, 557. "Intent to do the prohibited act, not intent to violate the criminal law, is the only intent requisite for conviction in the case of many crimes constituting violations of statutes in the nature of police regulations." *State* v. *Guerra,* 151 Conn. 159, 165. This statute was obviously such a police regulation, and one who violates it does so at one's risk. The court was not in error in denying the defendants' motion to dismiss.

There is no error.

In this opinion KINMONTH and KOSICKI, Js., concurred.