Walter HILL, Appellant,

v.

GIBSON DISCOUNT CENTER et al.,
Appellees.

No. 7935.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 23, 1968.

Rehearing Denied Jan. 27, 1969.

Sanders, Scott, Saunders, Brian & Humphrey and C. J. Humphrey, Amarillo, for appellant.

Herbert C. Martin, Culton, Morgan, Britain & White and Don L. Patterson, Amarillo, for appellees.

PER CURIAM.

Walter Hill, a person employed by Sears Roebuck Co., but acting for himself and not his company, filed this suit seeking a temporary injunction, and upon a hearing a permanent injunction, restraining Gibson Discount Center and K–Mart Discount Store, a division of Kresge Company, a corporation, from violating Art. 286a, Vernon's Annotated Penal Code, by selling or offering to sell certain merchandise on the consecutive days of Saturday and Sunday. Gibson defended on the ground that the items forbidden to be sold on such two consecutive days under Section 1, Art. 286a[1] were not sold on such days to the manager's knowledge and such items were roped off from other items to show people that they were not for sale. K–Mart, through its manager, admitted some of the forbidden articles were sold by it on some of the two consecutive days named and defended on the grounds Art. 286a is too vague and indefinite to be enforceable, and is therefore unconstitutional; that it does not prohibit employees from selling the forbidden articles on the two consecutive days mentioned; and does not create a penal offense which can be committed by a corporation or its employees. Gibson also defended on the ground of unconstitutionality and contended the issuance of the injunction would be discriminatory by subjecting it to an unfair competition situation for the reason that numerous competitors are guilty of the same acts with which it was charged.

The trial court denied the temporary injunction with a letter to counsel saying:

"The evidence does not preponderate that there has been any intentional violation of the law; to the contrary, it appears that at least some effort has been made to comply.

"There is no evidence to show that defendants have compelled, forced, or obliged their employees to violate the law; all the evidence is to the contrary.

"The evidence is clear that the violation of the statute, if any, is due to the fact that the statute is, as to many ar-

1. "Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; hardware; tools, excluding non-power driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense."

ticles, vague, indefinite and impossible to be understood with that degree to certainty required by law."

Other applicable sections of Art. 286a provide:

"Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items used for funeral or burial purposes or to items sold as a part of or in conjunction with the sale of real property."

"Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, *the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act.* Such proceedings shall be guided by the rules of other injunction proceedings." (All emphases are ours.)

We believe it is also well to note just here that one of the most controversial sections of Art. 286a as originally passed, i. e., Sec. 4a, was repealed by Act 1967, 60th Leg., p. 79, Ch. 39, effective August 28, 1967.

■ To set aside the trial court's order refusing to grant the injunction applied for, it is necessary for us to find that court abused its discretion. City of Houston v. Southwestern Bell Telephone Co., 263 S.W.2d 169 (Tex.Civ.App.–Galveston, 1953, writ ref'd); Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (Tex.Sup.1953); State Board of Insurance v. Professional and Business Men's Insurance Co., 359 S.W.2d 312 (Tex.Civ.App.–Austin, 1962, writ ref'd, n.r.e.); McDaniel v. San Patricio Municipal Water District, 279 S.W.2d 697 (Tex.Civ.App.–San Antonio, 1955, writ ref'd n.r.e.). Though all the cases cited were appeals from orders granting temporary injunctions, the first cited case holds " * * * the sole question to be determined on appeal in the granting *or refusing* of a temporary injunction, is whether or not the trial court abused its discretion in entering the order appealed from." However, " * * * it is also true that the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts." Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935). "Differently stated, the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts." Southland Life Ins. Co. v. Egan, supra, citing Tyree v. Road District No. 5, 199 S.W. 644 (Tex.Civ.App.–Dallas, 1917, writ ref'd); Midland Building & Loan Ass'n v. Sparks etc. Church, 35 S.W.2d 774 (Tex.Civ.App.–Dallas, 1931, n.w.h.); Diamond v. Hodges, 58 S.W.2d 187 (Tex.Civ.App.–Dallas, 1933, n.w.h.); Ricketts v. Ferguson, 64 S.W.2d 416 (Tex.Civ.App.–Dallas, 1933, n.w.h.); Hanover Star Milling Co. v. Allen & Wheeler Co. (U.S.C.C.A.) 208 F. 513, 125 C.C.A. 515, L.R.A.1916D, 136, 142; 24 Tex. Jur. pp. 313, 314, § 253; 4 C.J. pp. 803, 804, § 2768; 5A C.J.S. Appeal and Error § 1591; 32 C.J. p. 32, § 11; 43 C.J.S. Injunctions § 14; 14 R.C.L. p. 308, § 5.

Mrs. Linda Loper was the only witness to testify to the forbidden items purchased on succeeding Saturdays and Sundays. Her testimony is uncontradicted and no effort was even made to impeach her veracity or credibility. She purchased a bed sheet and jewelry at Gibson's on Western on Saturday, November 2 and a record and jewelry on Sunday, November 3. At the Amarillo Blvd. Gibson store, she purchased a blanket and record on Saturday, November 2 and jewelry and a bed sheet the next day. On the following Saturday and Sunday, she purchased two items of jewelry at Gibson's on Western.

From the K–Mart Discount group of appellees, Mrs. Loper purchased a radio, sweater, scarf, jewelry, underwear and house slippers on Saturday, November 2. On the next day she purchased jewelry, a sweater, a toaster, underwear, house shoes and a scarf. On the next succeeding Saturday and Sunday, she purchased respectively a lamp and electric scissors. She testified none of the purchases were for charitable purposes or for funeral or burial purposes and none of them were sold as a part of or in conjunction with the sale of real property; situations exempting such sales are under Sec. 2 of Art. 286a.

The general manager of K–Mart admitted he advertised the store would be open on November 2 and 3 and on November 9 and 10; that he knew one or more of the forbidden items were sold on Saturday and the succeeding Sunday of those dates, and that so long as other stores "out here" are open and selling such items on Saturdays and successive Sundays it is his intention to do the same. He testified the same applied for the lessees in the store.

■  One of the owners of Gibson's Discount Center, Mr. Glenn, contended the above stated items shown to have been purchased at his store on the dates named were sold without his knowledge, that he knew the sales of some of them (jewelry and records) on successive Saturdays and Sundays were violations and he did not deny they had been sold on Saturday, November 2 and the succeeding Sunday, November 3 or Saturday, November 9 and the succeeding Sunday, November 10. There is not any evidence by any of these witnesses contradicting the undisputed testimony of Mrs. Loper, nor any indication by the trial court in its letter explanations of its refusal to enjoin the violation of Art. 286a that her testimony was not credible. We know of no legal ground by which a trial court may autocratically refuse to believe a witness not a party to the suit whose testimony is uncontradicted and unimpeached in passing upon the preponderance of the evi-

dence to sustain a material contention of a petitioner.

■  There is not anything indefinite in the statutory provisions against selling jewelry on the two named successive days. The same is true of bed sheets, records, underwear, scarves, house shoes, radios and sweaters, and to hold the purchase of a blanket would require subjective reasoning as to whether it was bed covering or to take to a football game, as contended by appellants, would be a strained construction indeed.

■  It is a well established principle of law in this state that courts are not to give a statute an interpretation which renders it void, when it is susceptible of another interpretation that renders it valid. State v. Hogg, 123 Tex. 568, 70 S.W.2d 699 (1934); State of Texas v. Shoppers World, Inc., 380 S.W.2d 107 (Tex.Sup. 1964); and the statute must be sustained if it can be done by fair construction. Missouri, K. & T. Ry Co. of Texas v. Mahaffey, 105 Tex. 394, 150 S.W. 881 (1912). In fact, every reasonable presumption should be made in the favor of the constitutionality of a statute and doubts thereof should be resolved in favor of its constitutionality. Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155 (1948); Smith v. Decker, 158 Tex. 416, 312 S.W.2d 632 (1958).

K-Mart pleaded the statute makes an arbitrary discrimination against each of its corporations under the guise of statutory regulation, and thus prevents the pursuit of lawful business. As heretofore stated, Gibson pleaded unfair competitive discrimination in that other competitive businesses in the city were operating on the two successive forbidden days of each week. At least one intermediate appellate court has held that companies have no vested property rights entitling them to injunctions against enforcement of Art. 286a and that the statute is not indefinite but expressly and

clearly prohibits the sale of certain merchandise under the conditions appellant there said it would sell it. Spartan Industries, Inc. v. State of Texas, 379 S.W.2d 931 (Tex.Civ.App.–Eastland, 1964, n.w.h.). Those same conditions exist here and if the statute is definite enough to deny an injunction forbidding its enforcement, it is definite enough to enjoin the sale of the forbidden articles on the two successive days of the week named in the statute.

Many courts in other jurisdictions have upheld Sunday closing laws and ruled against claims of constitutional vagueness. Charles Stores Co. v. Tucker, 263 N.C. 710, 140 S.E.2d 370 (1965); McGowan v. State of Maryland, 220 Md. 117, 151 A.2d 156 (1959); State v. Wiener, 245 La. 889, 161 So.2d 755 (1964); Arlan's Department Store of Louisville v. Commonwealth, 369 S.W.2d 9 (Kentucky Civ.App.–1963); State ex rel. Heck's Inc. v. Gates, 149 W.Va. 421, 141 S.E.2d 369 (W.Va.Sup., 1965); State v. Solomon, 245 S.C. 550, 141 S.E.2d 818, 14 A.L.R.3d 1277 (1965); Diamond Auto Sales v. Erbe, 251 Iowa 1330, 105 N.W.2d 650 (1960); Bertera's Hopewell Foodland v. Masters, 428 Pa. 20, 236 A.2d 197 (1967); Gunn v. State, 89 Ga. 341, 15 S.E. 458 (1892); State v. Morais, 2 Conn. Cir. 372, 199 A.2d 351 (1963).

■ Section 4 of Art. 286a provides the operation of any business whether by any individual, *partnership or corporation* contrary to the provisions of the act is declared to be a public nuisance and provides any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining a violation of the statute. The evidence is uncontradicted that the two corporations were operating contrary to the provisions of Art. 286a. The K–Mart management admittedly knew it was doing so, though we do not believe the statute requires knowledge on the part of the management that the statute was being violated. Neither does it require that the management "shall compel, force or oblige" its employees to sell the forbidden articles on the two stated consecutive days. Where they were being sold by the agent employee of the corporations, they were being sold by the corporation. Section 4 is that part of the act specifically providing for injunction when any business is operating contrary to the provisions of the statute and includes any individual, partnership or corporation. Thus, the use of the term "any person" in Section 1 does not relieve a corporation from the obligations attendant upon the act. Section 1 is that part of the act making it a criminal offense for "any person" selling the forbidden articles on the named dates or compelling, forcing or obliging its employees to do so. "Any person" applies to the employer or employee. Section 4 is that part of the act providing for civil action through injunctive relief, and we believe forbidding 7-day work weeks promotes the health, recreation and welfare of the people of the state and comes within the police power of the state. A similar law prohibiting sales on Sunday only, without the choice of one of two successive days, was held constitutional by the Court of Appeals of Texas as early as 1888. Ex parte Sundstrom, 25 Tex.App. 133, 8 S.W. 207. There the court approved the attorney general's statement in his brief wherein it was said: "Such laws are constitutional, and clearly within the police power of the legislature to pass. This matter is too long and too well settled to doubt now, or be called in question * * *", citing many cases. We, therefore, feel the great weight of authority requires us to hold the honorable trial court abused its discretion.

The judgment is reversed and the cause remanded to the trial court with the instruction that the temporary injunction be granted. Reversed and remanded with instructions.