The STATE of Texas et al., Appellants,

v.

SUNDACO, INC. et al., Appellees.

No. 4281.

Court of Civil Appeals of Texas.

Eastland.

Aug. 29, 1969.

Rehearing Denied Sept. 26, 1969.

Richard Price, Dist. Atty., Don Butler, City Atty., Ben Niedecken, Jr., Asst. City Atty., Abilene, for appellants.

Berman & Fichtner, W. W. Mitchell, II, Dallas, for appellees.

COLLINGS, Justice.

The State of Texas and the City of Abilene brought this suit against Sundaco, Inc., M. N. Landau Stores, Inc., d/b/a Clarks and Joseph Piper to enjoin the defendants from selling and offering for sale certain merchandise on consecutive days of Saturday and Sunday in violation of Article 286a. Both plaintiffs and defendants filed motions for summary judgment. The District Court found that there was no genuine issue of any material fact in the case and further found that Article 286a Vernon's Ann.T.P.C. was so vague and indefinite that it was unconstitutional, and granted defendants' motion for summary judgment. The State of Texas and the City of Abilene have appealed.

The applicable portions of the statute in question are as follows:

"Art. 286a. Sale of goods on both the two consecutive days of Saturday and Sunday.

*Prohibition of sales; items; misdemeanor*

Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing ac- cessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; hardware; tools, excluding non-power driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

*Sales for charitable and funeral or burial purposes; real property sales*

Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items used for funeral or burial purposes or to items sold as a part of or in conjunction with the sale of real property.

*First offense; subsequent convictions; penalties*

Sec. 3. For the first offense under this Act, the punishment shall be by fine of not more than One Hundred Dollars ($100.00). If it is shown upon the trial of a case involving a violation of this Act that defendant has been once before convicted of the same offense, he shall on his second conviction and on all subsequent convictions be punished by imprisonment in jail not exceeding six (6) months or by a fine of not more than Five Hundred Dollars ($500.00), or both.

*Purpose; public nuisances; injunction; application and proceedings*

Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any in-

dividual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings.

*Emergency purchases; certification*

Sec. 4a. Repealed. Acts 1967, 60th Leg., p. 79, ch. 39, § 1, eff. Aug. 28, 1967.

*Occasional sales*

Sec. 5. Occasional sales of any item named herein by a person not engaged in the business of selling such items shall be exempt from this Act.

*Legislative intent*

Sec. 5a. It is the intent of the Legislature that Articles 286 and 287 of the Penal Code of Texas are not to be considered as repealed by this Act; provided, however, that the provisions of said Articles shall not apply to sales of items listed in Section 1 of this Act which are forbidden to be sold on the day or days named in this Act. Acts, 1961, 57th Leg., 1st C.S., p. 38, ch. 15, eff. Nov. 7, 1961."

Article 286, V.A.T.P.C. is a general penal statute prohibiting and penalizing the selling of goods on Sunday. Article 287, V.A.T.P.C. exempts certain types of transactions, markets and dealers from a compliance with Article 286, supra, and permits the sale of certain articles on Sunday.

Legislative acts are entitled to great respect and it is the duty of the courts to uphold them, if possible. 16 C.J.S. Constitutional Law § 98, p. 357. It is a well settled principle of law that a State statute is presumed to be constitutional and will not be held otherwise unless it clearly and undoubtedly contravenes some constitutional provision. 12 Tex.Jur.2d, pgs. 385, 386, 429.

It is also well settled that a Legislative act, particularly a criminal or penal statute, should be reasonably clear and plain, and where the language of such an act is essentially so indefinite, uncertain and vague that it cannot be understood it is inoperative, unenforceable and void. 53 Tex.Jur. 2d, pgs. 41–43, V.A.P.C. Art. 6. A statute which forbids or requires performance of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates "due process of law." Lone Star Gas Company v. Kelly, 140 Tex. 15, 165 S.W.2d 446 (Tex.Com.App.); Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 127, 70 L.Ed. 322; Ex parte Chernosky, 217 S.W.2d 673 (Tex.Cr. App., 1949).

In appellants' first point it is urged that the court erred in holding that Article 286a, V.A.T.P.C. is unconstitutional by reason of being vague and indefinite and in granting appellees' motion for summary judgment.

■ The essence of appellees' contention in support of the judgment, holding that the statute in question is so vague and indefinite as to be void, is that there are no standards, guide lines or criteria therein by which an individual of ordinary intelligence can determine without doubt or indecision what conduct is allowed and what is prohibited. Appellees assert that the statute does not prohibit all sales on consecutive Saturdays and Sundays; that under the statute it is legal to make sales on consecutive Saturdays and Sundays, but that the sale of some specified items are prohibited on such consecutive days. Appellees however contend that the unconstitutional vagueness and indefiniteness of the statute exists in that it cannot be determined, without doubt and indecision, just what the restricted items are. We cannot agree with appellees' contention.

Somewhat similar statutes in other states with respect to the kind of merchandise that cannot be sold on Sunday have been

held not unconstitutional because of vagueness. See McGowan v. Maryland, 366 U. S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393; Charles Stores Company v. Tucker, 263 N.C. 710, 140 S.E.2d 370 (1965); State v. Solomon, 245 S.C. 550, 141 S.E.2d 818, 14 A.L.R.3d 1277 (1965); State ex rel. Eagleton v. McQueen, 378 S.W.2d 449 (Missouri Supreme Court, 1964). In the McQueen case the Missouri Sunday closing act was challenged on the ground of vagueness and the specific complaint was that the terms used in the act to describe articles of merchandise, the sale of which was prohibited on Sunday, as well as the categories of merchandise excluded from the prohibition, violated the due process requirement of certainty. It was held by the Supreme Court of Missouri that the statute there involved, which is very similar to our Article 286a, does not violate due process provisions of the constitution.

In the recent case of Hill v. Gibson Discount Center, 437 S.W.2d 289 (1968), it was held by the Amarillo Court of Civil Appeals that the provisions of Article 286a prohibiting the sale of the items of merchandise enumerated therein on consecutive Saturdays and Sundays was not unconstitutionally vague and indefinite. We agree with the reasoning and the holding of that case. In our opinion the statute is not unconstitutional, by reason of being vague and indefinite as contended by appellees. We sustain appellants' point urging that the trial court erred in so holding and in granting appellees' motion for summary judgment. Fass v. Roos, 221 F. Supp. 448 (D.C.1963); State v. Wiener, 245 La. 889, 161 So.2d 755 (1964) and Commonwealth v. Levy, 197 Pa.Super. 297, 178 A.2d 858 (1962).

█ Appellants State of Texas and City of Abilene contend in their third point that the court erred in refusing to grant their motion for summary judgment. The motion was filed April 19, 1968, and the time specified for hearing was May 2nd, 1968. No ruling was made on appellants' motion for summary judgment and there is no showing that the motion was ever presented to the trial court for determination. Since the record does not show that appellant's motion was presented to and passed upon by the court, no reversible error is presented for our consideration. Ellis Drilling Corporation v. McGuire, 321 S.W.2d 911 (Tex.Civ.App.1959, n. r. e.)

Appellants rely upon Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958) as authority for their contention that since both parties filed motions for summary judgment and the motion of appellees was sustained that this court may determine not only whether the granting of appellees' motion was correct, but also whether the trial court should have granted their motion. Appellants overlook the fact that in Tobin v. Garcia where both parties filed motions for summary judgment, the trial court granted one motion and overruled the other. After Tobin v. Garcia our Supreme Court in Ackermann v. Vordenbaum, 403 S.W.2d 362, 15 A.L.R.3d 893 (Tex.Sup.Ct., 1966), discussed and explained their holding in Tobin v. Garcia as follows:

"In the Tobin-Garcia case, the appeal was from an order granting a summary judgment based upon the defendants' motion. We held that the order granting such summary judgment was erroneous and that after having made such holding, we were authorized to review the trial court's action in overruling the plaintiff's motion for summary judgment. In the present case, an order of dismissal was appealed from instead of an order granting a motion for summary judgment."

Also in Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959), it was stated by our Supreme Court as follows:

"We held (in Tobin v. Garcia) that where there was a final judgment rendered in a cause, which was appealable (and was appealed), the appellate court could act upon a denied motion for sum-

mary judgment, if the point has been properly preserved."

Since the alleged error of the trial court in not granting appellants' motion for summary judgment was not properly preserved this court is without jurisdiction to pass upon the point.

For the reasons stated, the judgment is reversed and the cause is remanded.